**PORTER et al. v. PORTER et al.**

No. 12620—Opinion Filed Dec. 26, 1923.

Rehearing Denied Feb. 19, 1924.

1. **Wills—Interpretation—Intention of Testator—Determined From Entire Will.**

In the interpretation of a formal will the intention of the testator must be determined from a consideration of the whole instrument, and, where the language used clearly shows that the testator had in mind certain statutory provisions in the preparation of his will, his intention as expressed in his will must be deduced from the language used, aided by a consideration and application of such statutory provisions.

2. **Same —Estates Devised —Life Estate — Limitations and Remainder.**

Where a testator, by apt and appropriate words, creates a life estate in his widow, and subsequently by apt words creates a contingent remainder in his children, such remainder constitutes a conditional limitation on such life estate, and not a condition subsequent.

3 **Same.**

In such case, where the life tenant is not given power of disposition, but the executrix of the will is given power to sell, such power of sale in the executrix is not referable or incidental to the life estate created so as to enlarge the same to a qualified or determinable fee and thus defeat the vesting of the remainder created in favor of testator's children.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court. McClain County; W. L. Eagleton, Judge.

Action by John Ewing Porter, Josephine Porter and Nora Francis Porter, by their next friend, H. J. Porter, against Eda Porter and C. G. Porter to have certain provisions in the last will and testament of John W. Porter, deceased, construed by the court. Decree in favor of defendants, and plaintiffs bring error. Reversed, with instructions.

This action was commenced in the district court of McClain county, October 5, 1920, for the sole purpose of having certain provisions in the last will and testament of John W. Porter, deceased, construed and interpreted by the court so as to definitely fix the rights and interests of plaintiffs and defendant Eda Porter, and to de-

fine the powers, if any, of Eda Porter as an individual under paragraph nine of said will. The paragraphs of the will here questioned are copied in full in the opinion.

Trial was had March 16, 1921, which resulted in a decree in favor of the defendants, to reverse which this proceeding in error was commenced by petition in error with case-made attached. The parties will be hereafter referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

Blanton, Osborn & Curtis, for plaintiffs in error.

Opinion by LOGSDON, C. This is a proceeding to determine the effect of certain provisions of the last will and testament of John W. Porter, deceased. Plaintiffs have briefed the case, but there has been no appearance in this court in behalf of defendants. Under such circumstances, by the provisions of Rule 7, and decisions based thereon, this case might well be reversed alone upon the showing made in plaintiffs' brief. But in view of the importance to the parties interested of a construction by this court of the disputed provisions of this will, it is deemed proper to consider the case upon its merits.

The paragraphs of the will involved are the third and ninth. Paragraph three reads as follows:

"I give, devise and bequeath one-third of all my estate whatsover and wheresoever, both real and personal, to which I may be entitled or which I may have power to dispose of at my death to my beloved wife, Eda Porter, absolutely, if she be living at the time of my death.

"I give, devise and bequeath all the rest and residue of my property to my wife, Eda Porter, to be and remain hers during her widowhood. In the event that my wife should marry again I direct that all the said property above bequeathed to her, except the one-third, shall be given to my said children, John Ewing Porter, Josephine Porter, and Nora Francis Porter, if living; but in case either or any of them shall have died leaving issue, such issue shall take by right of representation the share which his or her parent would have taken had such parent survived."

It is the language of this residuary bequest which is in question here. Plaintiffs contend that Eda Porter, under the language of the residuary bequest, took a life estate in the undivided two-thirds thereby bequeathed, subject to be determined upon her marriage at any time, and that plaintiffs took a vested remainder therein. The trial court held that Eda Porter took "a qualified or determinable fee" under

the residuary bequest, which vested immediately upon the death of the testator, and that plaintiffs "have no right, title or interest" in said residuary estate, except that they "might become owners" thereof in event of the remarriage of Eda Porter while said residuary estate remains "undisposed of." This statement presents the first question for determination.

In the interpretation of a formal will certain statutory directions must be observed. Those deemed to be applicable here are the following sections of Comp. Stat. 1921:

"11258. Every devise of land in any will conveys all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that he intended to convey a less estate."

"11268. All the parts of a will are to be construed in relation to each other, and so as to form one consistent whole, if possible, but where several parts are absolutely irreconcilable, the latter as to position must prevail."

11270. Where the meaning of any part of a will is ambiguous or doubtful it may be explained by any reference thereto, or recital thereof, in another part of the will."

"11272. The words of a will are to receive an interpretation which will give to every expression some effect rather than one which shall render any of the expressions inoperative."

Plaintiffs concede and the trial court determined that the first bequest under paragraph three conveyed to Eda Porter an absolute estate in fee simple to an undivided one-third interest in all of decedent's property. What is the significance of the language used in the residuary bequest, and what intention was manifested by the testator when he used it? "I give, devise and bequeath all the rest and residue of my property to my wife, Eda Porter, to be and remain hers during her widowhood." If he had stopped there no one would question that he intended to devise a defeasible life estate. The phrase, "during her widowhood," is an apt expression to create such as estate, and imports no other intention. Did the language immediately following, and which created a contingent remainder in behalf of his children during the widow's lifetime, enlarge the defeasible life estate into a "qualified or determinable fee?" This is that language: "In the event that my wife should marry again I direct that all the said property above bequeathed to her, except the one-third, shall be given to my said children," naming them. By paragraph four he provided that if his wife's death

preceded his own, then his entire estate should go to his children in equal shares and to the issue of any deceased child by right of representation. Here is a clear and unambiguous provision which negatives any intention on the part of the testator to disinherit his children, and, in connection with the remarriage provision of paragraph three, evinces a definite wish and intention on the part of the testator that his children should enjoy his property after the provisions for his widow had been fully performed. This will was executed by the testator with presumptive full knowledge of the law of this state. Such being the case, he is presumed to have intended his will to conform to the law rather than to contravene it. Comp. Stat. 1921, sec. 8419 provides:

"A remainder may be limited on a contingency which, in case it should happen, will operate to abridge or determine the precedent estate; and every such remainder is to be deemed a conditional limitation."

The remarriage provision was therefore clearly intended by the testator to be a conditional limitation on the life estate previously created rather than a condition subsequent, and not an enlargement of that estate, as held by the trial court. Rood on Wills, sec. 600; 10 R. C. L., p. 665, sec. 23.

To further show that testator had clearly in mind a compliance with the statute defining and governing estates in real property in this state, the provisions of the fifth paragraph of his will are in strict conformity to section 8407, Comp. Stat. 1921. By that paragraph he provided that if his wife's death preceded his own, or if she should remarry, the legal title to such of his estate as would go to his children under paragraphs three and four should immediately vest in his brother, C. C. Porter, in trust for such children until they should reach the age of 25 years, the income only to be paid to them during minority and until the prescribed age should be attained. This shows a clear understanding of the provisions of section 8407, supra, which reads:

"A future estate may be limited by the act of the party to commence in possession at a future day, either without the intervention of a precedent estate, or on the termination, by lapse of time, or otherwise, of a precedent estate, created at the same time."

No remainder was expressly created after the duration of the life estate, should his widow not remarry, but neither was there any power of disposal granted as to the residuary bequest. Disposition not being an incident to a life estate, and no such power being granted to his widow, as such, he evidently intended that at her death the residuary bequest should go as a remainder in reversion to his children under the provisions of sections 8408 and 8409, Comp. Stat. 1921, which read:

"8408. The reversion is the residue of an estate left, by operation of law, in the grantor, or his successors, or in the successors of a testator, commencing in possession on the determination of a particular estate granted or devised.

"8409. When a future estate, other than a reversion, is dependent on a precedent estate, it may be called a remainder, and may be created and transferred by that name."

This construction gives effect to every clause and phrase in the first seven paragraphs of the will and effectuates the evident intention of the testator to amply provide for his widow so long as she remains his widow, and for his children when his widow's need of his bounty ceases, either by remarriage or death. It interpolates nothing into the will, as is necessary to be done in order to enlarge her life estate to a qualified or determinable fee, viz., a power of disposition. 10 R. C. L., p. 653; Rood on Wills, sec. 543. Since by apt words the testator created a contingent remainder limited on the life estate so long as there is possibility of the contingency arising, he thereby brought into operation section 11288, Comp. Stat. 1921, which reads:

"Testamentary dispositions, including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death."

It is therefore concluded that at the death of John W. Porter there immediately vested in his children, John Ewing Porter, Josephine Porter, and Nora Francis Porter, a remainder, dependent for possession on the remarriage of Eda Porter, in and to an undivided two-thirds interest in his estate; that if said contingent remainder should lapse by failure of the contingency to arise, then upon the death of Eda Porter said children take as a remainder in reversion the fee simple title in and to said undivided two-thirds interest as successors of the testator.

This conclusion upon the first branch of the case renders unnecessary any extended discussion of the second question. By the eighth paragraph of the will Eda Porter is named as sole executrix without bond. By the ninth paragraph a power of sale is granted to the executrix in the following language:

"I authorize and empower my said executrix at any time acting hereunder, whenever in the investment of my estate she shall deem it advisable, to sell at private

sale or public sale the whole or any part of my estate, real or personal and to execute and give sufficient deeds or other instruments of it, and no purchaser at such sale shall be bound to see to the application of the purchase money."

It will be noted that the power is not granted to his wife, nor to Eda Porter, personally, but to his executrix. The power is not unlimited, but is to be exercised "Whenever in the investment of my estate" she shall deem it advisable. Clearly this power was not intended to be an incident of the bequest to her. Eda Porter might become incompetent or refuse to qualify or resign. It was a power in trust to his executrix, as such, to be exercised only when deemed advisable for the benefit of his estate. Having given to his wife a life estate in two-thirds of his property with a contingent remainder therein to his children, he foresaw the possibility of changed conditions which might affect the value of that estate. He therefore made provision for such changed conditions by creating this power in trust in the hands of his executrix, through the judicious exercise of which the corpus of his estate might be changed from time to time to meet changing conditions, or might even be equitably converted as a whole. Comp. Stat. 1921, sec. 8490, reads:

"A power is in trust when any person or class of persons, other than its holder, has by the terms of its creation, an interest in its execution."

It is therefore concluded as to the second question presented that the power of sale granted by paragraph nine of the will was not intended by the testator to be an incident of the life estate and personal to Eda Porter, but was intended as a general power in trust to be exercised by his executrix for the benefit of his estate not absolutely disposed of by his will.

It follows from what has been said that the judgment and decree of the trial court herein should be reversed, with directions to the trial court to enter a decree in conformity with the views herein expressed.

By the Court: It is so ordered.