No. 32,433

Cameron P. McClean and Edmond T. McClean, *Appellants,* v. Eugene J. McClean, Crystle E. McDowell and Heber McDowell, and Crystle E. McDowell as Executrix of the Last Will and Testament of Hannah McClean, Deceased, *Appellees;* Luella E. McClean and Charles R. McClean, *Appellants.*

No. 32,468

Ferril G. Laman, *Appellee,* v. Cameron P. McClean, Luella E. McClean, Edmond McClean and Mary McClean, His Wife, Charles R. McClean, *Appellants;* Eugene J. McClean, Crystle E. McDowell, and Crystle E. McDowell as Executrix, Etc., of Hannah McClean, Deceased, *Appellees.*

(52 P. 2d 625)

Opinion filed December 7, 1935.

*N. J. Ward,* of Belleville, and *C. A. Walsh, Jr.,* of Concordia, for the appellants.

*M. V. B. Van De Mark* and *C. L. Short,* both of Concordia, for the appellees.

The opinion of the court was delivered by

Smith, J.: One of these actions was brought in Cloud county to enforce an oral agreement to bequeath property, for construction of a will, and to contest another will. The other action was brought in Republic county to foreclose a mortgage on land involved in the

Cloud county action. Judgment was for defendants in the Cloud county case and plaintiff in the Republic county case. The defeated parties in each case appeal. The cases have been consolidated in this court, since the questions in the mortgage action will be determined by a decision on the questions pertaining to the will.

Thomas McClean and Hannah McClean were husband and wife. They had seven children. In 1904 they divided their property and were divorced. Each received about 400 acres of land. In 1906 Thomas died. He left the will which we are asked to construe. Some time after his death one of the children died without issue.

On February 17, 1933, Hannah McClean died at Concordia. She left a will which action No. 32,433 sought, among other things, to contest on the ground of incompetency to make a will. In this will all her property was left to a daughter, Crystle E. McDowell, and a son, Eugene J. McClean, defendants in the above action.

During the years between 1906 and 1933 Hannah placed a mortgage on some of the land that was covered in the will of Thomas. Foreclosure of this mortgage was sought in the action in Republic county, that is, action No. 32,468 here.

The portion of the will of Thomas McClean with which we are concerned is as follows:

"It is my desire and I hereby direct that all my just debts including those of my last sickness be paid within a convenient time.

"2d. I will and bequeath unto my heretofore wife, Hannah McClean, all my personal property of every description and kind whatsoever, including all money deposited in bank and otherwise after paying my just debts.

"3d. I will, devise and bequeath unto my said once wife, Hannah McClean, who is the mother of my children and whom I have confidence in that she will love and properly care for and protect my said children, all of my real estate of every description whatsoever, the same being described as follows, to wit:

· · · · · · · · · · · · · ·

"4th. The reason I have herein willed, bequeathed and devised unto my once wife, who is the mother of all my now seven children, is because I have full confidence in her, and that she will care for my said children during her life better than they can care for themselves, and because I believe that finally at the death of said Hannah McClean my said children will receive all of said property."

Among the children left by Thomas were Cameron P. McClean and Luella E. McClean. These two children brought an action on January 9, 1907, in Republic county to contest this will on the grounds of lack of mental capacity and undue influence. Hannah

answered in this case by denying undue influence and lack of mental capacity in Thomas and alleging that she was the owner in fee simple of the land bequeathed in the will and that the plaintiffs had no right or title to it. The prayer of the answer was that Cameron P. McClean and Luella McClean be decreed to have no title or interest in the real estate. The result of this action was that the plaintiffs moved to dismiss it. The court denied this motion and found that the defendant had asked for affirmative relief and was entitled to have her title to the land quieted against Cameron P. McClean and Luella McClean.

We will now set out an incident in connection with the dismissal of that action.

In the petition in the present will case the plaintiffs alleged that before the first will contest action was dismissed it was orally agreed between Luella, Cameron and Hannah that if that action was dismissed without trial Hannah would at her death leave all property owned by her at that time to the children of herself and Thomas in equal shares.

The petition alleged that the dismissal was requested in the district court of Republic county and the things were done as have already been set out in this opinion.

Plaintiffs sought to prove this allegation by the testimony of Luella and Cameron and an uncle by the name of Little.

At the start of the trial the petition alleged facts constituting the above contract; that Hannah did not have sufficient mental capacity to make a will and that under the terms of the will of Thomas, made in 1906, Hannah became trustee of all the property, both real and personal, of which Thomas died seized, for the benefit of all the children, and that upon the death of Thomas, Hannah took possession of all his property and continued to manage and control it until her death.

The petition further alleged that each of the six children of Thomas and Hannah were the owners of a one-sixth interest in all the property left by Thomas after the death of their mother.

At the trial of the case a witness, Cory, testified that he was present at a conversation between Hannah and Thomas just before Thomas made his will, and that there was an agreement between them that Thomas would leave her all his property, and at her death she would leave it to all the children in equal shares.

The petition did not contain any allegations of such a contract,

but at the conclusion of the taking of evidence the trial court, over the objection of defendants, permitted the plaintiffs to make such an amendment to conform to proof stating such a contract to have been made.

Action 32;433 was brought by Cameron J. McClean and Edmond McClean, two sons of Thomas and Hannah. Luella E. McClean and Charles McClean, daughter and son of Hannah and Thomas, were named as defendants, but they answered admitting the allegations of the petition and praying for the same relief. Crystle E. McDowell, another daughter, Heber McDowell, her husband, and Eugene J. McClean, a son of Hannah and Thomas, were also named as defendants. They answered to the merits of the petition. The answer first contained allegations about the will contest case brought by Cameron and Luella in Republic county and alleged that the result of this action was *res adjudicata* of the issues of this case as to Cameron and Luella. The answer then denied each and all the allegations of the petition. Luella and Charles replied denying all the allegations of the answer.

With the issues thus framed the trial court found all the issues for the defendants, Crystle and Eugene McClean, and gave judgment accordingly.

The first argument made by plaintiffs is that the contract alleged between Thomas and Hannah was proven and enforceable and that under its terms Hannah was bound on her death to leave all the property to all the children in equal shares. At the conclusion of the evidence the trial court took the case under advisement and gave the parties time to file briefs. Thereafter the trial court handed down a written opinion which discussed the question of the contract alleged to have been made at the time the first suit to contest the will was filed, the question of setting aside the will of Hannah McClean and the question of so construing the will of Thomas McClean that it should be held to create a trust in favor of the children. The matter of the contract set out in the amendment to conform to proof was not discussed specifically in the opinion, but it contained a statement that all issues were found in favor of the defendants. The journal entry of judgment was to the same effect.

Plaintiffs point out that the leave to amend was given at the close of the evidence, and argue that this amounts to a finding that the facts were as alleged in the amendment. They rely on what this

court said in *Mo. Pac. Rly. Co. v. McCally*, 41 Kan. 639, 21 Pac. 574, and *Watson v. Watson*, 110 Kan. 326, 203 Pac. 714. These cases do not go as far as plaintiffs contend.

In the McCally case judgment had been rendered and afterwards plaintiff was permitted to amend his petition so as to make it conform to the facts proven in the trial. This court held that it was equivalent to a finding that the facts were as recited in the amended pleading.

In the Watson case all the testimony had been introduced and the trial court had made findings of fact and had further found generally for defendants. The amendment that was allowed was on a matter that was not seriously disputed in the trial.

In the case under consideration it is true that the amendment was allowed at the conclusion of the evidence. However, the court took the case under advisement and asked for briefs. We will assume that the case was taken under advisement on the facts, as well as the law. At any rate, when the case was again called up the court rendered its decision on both the facts and the law. While the record does not disclose that defendants were permitted to amend their answer to deny the late amendment to the petition, it was treated as though it had been denied. There was evidence disputing the evidence offered to prove the contract. The court made a finding that all issues were found in favor of defendants. We hold that this finding was upon disputed evidence and cannot be disturbed by this court on appeal.

Plaintiffs next argue that the contract alleged to have been made at the time the first action to contest the will was pending was proven and bound Hannah to bequeath the property to all the children in equal shares. This contract was testified to by Cameron and Luella and an uncle named Little. In considering this claim in the petition the court said:

"While the court is convinced that the witnesses did not misstate facts, yet the law requires that the evidence of an oral agreement to convey property must be clear and convincing, and in this case there is too much left to inference, and the court cannot say that the alleged agreement is established by clear and convincing testimony."

Plaintiffs point out this language in the opinion and argue that it amounts to a positive finding that the contract in question was made. We cannot agree with the contention. It is well settled that contracts of this nature must be proved by clear and convincing

evidence. See *Woltz v. First Trust Co.*, 135 Kan. 253, 9 P. 2d 665, and authorities there cited. What the language means is that the proof offered did not rise to the high degree necessary to warrant a judgment such as prayed for here. A detailing of the evidence is not considered necessary. Suffice it to state that the conclusion is justified by the evidence.

Plaintiffs next contend that by the language of the will of Thomas, Hannah was the trustee of all the property left by Thomas; that she held it in trust for the benefit of all the children and at her death they were each the owner of a one-sixth interest in it. The trial court held against this contention. A determination of the question only requires an examination of the will already set out in this opinion.

It will be noted the second clause of the will bequeathed to Hannah all the personal property of which Thomas died possessed after his debts were paid. There is no restriction whatever on this clause.

It will be noted that the third clause gave to Hannah all of testator's real estate. This clause states that Hannah was the mother of testator's children; that testator had confidence in her that she would love and properly care for and protect his said children. It should be noted here that at the time this will was made four of the children were minors and were living at home with their mother.

The fourth clause is as follows:

"4th. The reason I have herein willed, bequeathed and devised unto my once wife, who is the mother of all my now seven children, is because I have full confidence in her, and that she will care for my said children during her life better than they can care for themselves, and because I believe that finally at the death of said Hannah McClean my said children will receive all of said property."

Plaintiffs argue that this language in the will, when taken together with the language in the third paragraph, made Hannah a trustee of the property for the benefit of the children.

The general rule is stated in 69 C. J. 443 as follows:

"An estate in fee simple created by a will cannot be cut down by a subsequent clause of limitation less clear and decisive than the language of the clause devising the fee, nor by language not requiring a construction reducing the fee, as, where property is given in clear language sufficient to convey an absolute fee, the interest thus given shall not be taken away or diminished by any subsequent ambiguous, vague, or general expressions in the will, and in cases of doubt a fee simple is favored."

And on page 445 of 69 C. J. as follows:

"A fee will not be qualified by words merely precatory, as where the testator expresses a general desire respecting disposition of the property after the death of his devisee."

This question has been considered by the court.

In *Thornberry v. Fletcher*, 91 Kan. 744, 139 Pac. 391, the will construed had the following clause:

"I give and devise all my property, both real and personal, to my beloved wife, Susanna, imposing upon her the obligation to use such property as may to her seem best for her comfort and advantage and after my decease to provide by will or otherwise for the transmission of the rest, residue and remainder of my estate at her decease in equal shares to my daughter by my former wife Ann Streeter and my son Daniel Fletcher, and their issue for ever."

On the same day another instrument was signed purporting to construe the will as "the bequest and devise in fee of the entire estate." This court said:

"The supreme test in the construction of a will, however, is to determine the actual intent of the testator. His purpose, if ascertainable, is conclusive. Reading the will and the contract together, as the testator presumably did, we are unable to say that the testator intended to devise any residue or remainder to his son or daughter, but rather that he devised his entire estate to appellant and relied upon her to transmit to his children equally, at her death or before that event, whatever might remain." (p. 747.)

In ·*Holt v. Wilson*, 82 Kan. 268, 108 Pac. 87, this court said:

"Where one part of a will clearly indicates a disposition in the testator to create an estate in fee it will not be restricted or cut down to any less estate by subsequent vague or doubtful expressions." (Syl. ¶ 1.)

Here there is no direction as to what shall be done with the property beyond the bequest of all of it to Hannah. This court would be compelled to look beyond the will to the conversations of parties as to contracts pleaded by plaintiffs to get any intention on the part of the testator that the property should be held for the benefit of all the children. There is no certainty about any provision in the will that Hannah took less than a clear devise of a fee.

We hold that the language of the will of Thomas bequeathed an absolute fee-simple estate in all the property of which he died possessed to Hannah.

The attempt to set aside the will of Hannah on account of lack of testamentary capacity is not pressed here. As has been noted, the action in Republic county, with which this action was consolidated, was brought by the assignee of a mortgage given by Hannah on certain lands involved in the action to construe the will.

The legal matters raised in that case are settled by what has been said in this opinion.

The judgment of the trial court in both actions is affirmed.