CUNNINGHAM et al. v. FIDELITY NAT. BANK OF OKLAHOMA CITY et al.

*98 P. 2d 57.*

No. 28041.   Oct. 3, 1939.

Rehearing Denied Jan. 16, 1940.

Application for Leave to File Second Petition for Rehearing Denied Jan. 30, 1940.

John Madden and John Madden, Jr., of Wichita, Kan., and John L. Gleason, Leo Considine, William H. Miley, and Miley, Hoffman, Williams, France & Johnson, all of Oklahoma City, for plaintiffs in error.

Mont F. Highley, Everest & Halley, and Paul L. Washington, all of Oklahoma City, for defendants in error.

HURST, J. This is an action by plaintiffs, Mary Cunningham and Thomas Cunningham, against the Fidelity National Bank of Oklahoma City, as executor and trustee under the will of Ida M. Shear, deceased, and the beneficiaries under the will. The plaintiffs, aunt and uncle of Ida M. Shear, are the next of kin and seek to have the will declared void. Their attack is directed against paragraph 3 of the will creating a trust, which they contend is invalid for three reasons: (1) That it violates the rule against remoteness of vesting, which is generally referred to as the rule against perpetuities, see 21 R.C.L. 291, § 14; (2) that it constitutes a restraint on alienation for a longer term than allowed by section 11756, O. S. 1931 (60 Okla. St. Ann. § 31); and (3) that it violates the statute relating to the duration of trusts. Section 11821, O. S. 1931 (60 Okla. St. Ann. § 172).

The trial court construed the will, and held it valid, and the plaintiffs bring this appeal.

It may be stated at the outset that if, under a proper construction of the will, it be found to create a trust which will be fully executed and the corpus of the estate finally delivered to the beneficiaries as directed, or otherwise terminated, within the lives of the beneficiaries living at the death of the testatrix, it will not violate the rule against perpetuities or either of the other two statutory rules relied on. Therefore, the first question involves the proper construction of the will.

After directing the payment of debts and funeral expenses and making a specific bequest, the testatrix devised and bequeathed all the residue of her property to the bank to hold in trust. The bank was to possess powers of management which do not need to be here set out, and was directed to pay semi-annually, to seven named beneficiaries, the income from the trust estate. Paragraph 3 then provided:

"In case of the death, without issue, of any one or more of the above-named seven (7) heirs, prior to my death, then, and in that event, the provision regarding payments to that heir by the trustee, shall not apply, and the heirs remaining shall inherit in equal shares.

"In the event of the death of one or more of the above-named seven (7) heirs, after my death, but prior to the end of the trust agreement, it is my desire that if such heir should die without issue, the trust estate shall be divided equally, at the end of the twenty-five year period, among the heirs remaining alive at that time.

"In the event of the death of any heir, with issue, after my death, but prior to the end of the twenty-five year period, then and in that event, it is my desire that the share belonging to the deceased heir, shall go to and be inherited by the living child or children of the deceased heir.

"I further direct that twenty-five (25) years from the date of my death, the Fidelity National Bank of Oklahoma City, Oklahoma, acting as Trustee, for my Estate, shall divide equally the entire principal or said trust estate remaining, into as many portions or shares as there may be, at that time living, the heirs above named, or deceased leaving issue, such heir to have the share or portion that their parent would have been entitled to, if living, and to pay over to said heirs their equal portions of said trust estate remaining."

1. The cardinal rule of construction is to ascertain, if possible, the intent of the testator. Section 1579, 1580, O. S. 1931 (84 Okla. St. Ann. §§ 151, 152); 69 C. J. 52; 28 R.C.L. 211. The intent must be ascertained from the entire instrument. Porter v. Porter (1923) 97 Okla. 231, 222

P. 971; 69 C. J. 104; 28 R.C.L. 220. And it will be held valid whenever possible. 21 R.C.L. 295, 329. It is also important to observe that the intention of the testator need not be declared in express terms in the will, but it is sufficient if it can be clearly inferred from the particular provisions. 28 R.C.L. 218, § 177.

2. Now, let us examine more closely the provision of the will with the view of determining the intent of the testatrix. The right of the named beneficiaries to receive the income from the trust estate is clear and unambiguous and is subject to no restrictions or limitations so long as they live, except the termination of the trust. If one of the named beneficiaries dies prior to the death of the testatrix, without issue, his or her share goes to those remaining. When the testatrix dies, and the trust goes into effect, then the second and third subparagraphs quoted above come into operation. The second provides that if one or more of the seven named "heirs" dies without issue prior to the end of the "trust agreement" (meaning the trust provision of the will), the trust estate shall be divided equally among the "heirs" remaining alive at the end of the 25-year period. The third subparagraph provides that if any of the seven beneficiaries dies prior to the end of the 25-year period leaving issue, the share of such deceased shall be "inherited" by his children. The fourth subdivision deals with the termination of the trust and distribution of the corpus of the estate at the end of a period of 25 years. At that time the trustee is directed to divide the estate "into as many portions or shares as there may be, at that time living, the *heirs* above named (meaning the seven named beneficiaries) or deceased leaving issue, such *heir* (meaning the child of the named beneficiary) to have the share or portion that the parent would have been entitled to, if living, and to pay over to *said heirs* (meaning both the surviving named beneficiaries and the children of the deceased ones) their equal portions of said trust estate remaining.

Evidence was introduced at the trial, showing the facts and circumstances surrounding the execution of the will, and it was disclosed, among other things, that the seven named beneficiaries were nieces and cousins of the testatrix, some on her deceased's husband's side of the family and some on her own side, and that she thought it fair to leave her property to these persons. It appears that the ages of the beneficiaries ranged from 19 to 44 years.

Construing the will in its entirety together with the surrounding facts and circumstances, we think the dominant intent of the testatrix was to transmit to the seven named beneficiaries the income and profit from the property left by her, and finally, at the end of 25 years, to give to them the corpus of the estate. She also contemplated that some might die before the end of that period leaving children, and in that event she desired that their interest be taken over by their children, but this was incidental to her principal intent.

It will also be observed that in the subparagraph disposing of the share of those dying without issue, the will provides that on the death of one "of the above named seven (7) *heirs*," his share shall be divided at the end of the 25-year period, "among the *heirs* remaining alive at that time." We think the term "heirs" was intended to be used in the same sense in both places in this subparagraph and refers to the seven named beneficiaries exclusively, and not the children of the deceased ones as well. Thus the share of the named beneficiary dying without issue was to go at the end of the period only to the named beneficiaries still living, which repels the intent that should all the named beneficiaries die before 25 years, the property should be distributed at the end of that period to the children alone. Therefore, when we construe the distribution clause with the previous provisions, we find that the testatrix contemplated that some of the named beneficiaries would still be living at the end of the 25-year period, and she intended the property to be distributed to those beneficiaries *and* the children of the deceased ones.

It is apparent that it never occurred to the testatrix that all of the named beneficiaries might die before the end of the 25-year period. There is no provision for such a contingency, and if it should occur, the purpose of the trust would cease, and the trust would terminate by operation of law. Section 11836, O. S. 1931 (60 Okla. St. Ann. § 151).

Counsel for plaintiffs assert that such construction puts the testatrix in the position of doing an incredible act, that is, in failing to provide for the children of the named beneficiaries in the event of the death of all seven prior to the expiration of the 25-year period. But what seems to them incredible may not have appeared so to her, for it is not absurd to assume that she thought some would survive, or since the will was drawn by an attorney, it may be that she was advised as to the legal effect of such failure, and desired to let it rest that way.

We conclude, therefore, that the proper construction of the trust in question is that it will continue for a period of 25 years only if some one of the seven named beneficiaries, living when the testatrix died, still survived as a life in being at the end of that period, and if they all die prior to that time, the trust will terminate by operation of law. Under this construction the rules relied on by plaintiffs with reference to future estates are not violated, for any vesting of the interests created, or restraints on alienation, and the termination of the trust are all within a life or lives of persons in being. If the named beneficiaries or lives in being expire, so does the trust. The result reached harmonizes the various subdivisions of the will, and prevents, at least, a total intestacy, and we believe it expresses the intent of the testatrix.

3. The plaintiffs propound a construction of the will which would attempt a possible vesting of an estate in the children of a deceased beneficiary, and continue an alleged restraint on alienation, and postpone the termination of the trust beyond the lives in being plus 21 years. Their contention is based upon the premise that even though all of the seven named beneficiaries die, which may be one year after the death of testatrix, the will attempts to continue the trust for 25 years in any event, in violation of the prohibitive rules relied on. Various expressions in the will are interpreted to show that this is the proper construction as intended by the testatrix, but we think our construction is the correct one.

The construction which we place on the will distinguishes it from the wills or trusts involved in McLaughlin v. Yingling (1923) 90 Okla. 159, 213 P. 552, and other cases relied on by plaintiffs, rendering such decisions inapplicable here.

4. One more point requires mention. Counsel for defendants contend that because the word "inherit" is used in the paragraph transmitting the share of a beneficiary dying with issue to his children, such children are immediately vested with their parent's proportionate share of the corpus of the estate, as well as income, and are entitled to immediate distribution to that extent. But we cannot agree with this construction. It would not only be inequitable, but would be in direct conflict with the provision for such children in the paragraph relating to final distribution. The word "inherit" was used in the provision disposing of the share of a named beneficiary who died before the death of the testatrix and it obviously could not contemplate immediate distribution there. It is evident that the word was used in the same sense throughout, and the testatrix meant to give such child or children the same right to share in the estate that the deceased parent had, and no greater.

Judgment affirmed.

BAYLESS, C. J., and CORN, DAVISON, and DANNER, JJ., concur.