**PARSONS et al. v. PARSONS et al.**

**No. 3790.**

United States Court of Appeals
Tenth Circuit.

March 23, 1949.

V. E. Stinchcomb and R. Gordon Lowe, both of Oklahoma City, Okl. (A. B. Honnold, of Tulsa, Okl., on the brief), for appellants.

Frank G. Anderson, of Oklahoma City, Okl. (F. B. H. Spellman, of Alva, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, District Judge.

HUXMAN, Circuit Judge.

At the time of her death, Mary Jane Viles owned, in addition to other property, the Southwest Quarter of Section Three, Township Twenty-Six North, Range Fourteen W.I.M., in Woods County Oklahoma. She died leaving a last will and testament which was duly admitted to probate in the County Court of Alfalfa County, Oklahoma. A photostatic copy of paragraph two of the will, as admitted to probate, appears in the record as follows:

"I give and bequeath to my son Calvin Arvestis Parsons the following described property to wit South west quarter of Section three Township twenty six Range Fourteen containing One Hundred sixty acres of land same to fall to the heirs of Calvin Arvestis Parsons at his death. It being my desire that Calvin Arvestis Parsons have all the revenue from said land during his life time and at his death same to fall to his heirs."

At the conclusion of the probate court proceedings on the 2nd day of April, 1909, the county court entered the following decree:

"It is therefore ordered, adjudged and decreed by the Court that the said Will V. Provost, as such executor proceed as soon as practicable and without delay to make distribution of said estate remaining in his hands to the parties lawfully entitled thereto, as follows:

"Mary Almena Larson........... $500.00
"Calvin Arvestis Parsons ........ 720.87
"Harry James Wilson............ 720.87
"Henry Murray Viles ........... 720.87

"The Court further finds that the Will provides that the real estate of said estate is to be distributed as follows:

"To the heirs of Calvin Arvestis Parsons, the SW¼ of Sec. 3, Twp. 26 N of Range 14 W.I.M. he to have the revenue of said land during his lifetime. * * *"

In 1936, Clara Isabelle Parsons, wife of Calvin Arvestis Parsons, obtained a judgment against him in Woods County, Oklahoma, for the principal sum of $73.80. In 1938, an execution was issued upon this judgment and levied upon the interest of Calvin Arvestis Parsons in the land passing to him under the above Will, and by Sheriff's deed his interest in the land was sold to appellant, Vernon Parsons. The Sheriff's deed executed pursuant to the sale proceedings limited the conveyance to "the interest of the defendant, Calvin Arvestis Parsons," in and to the premises in question. Thereafter, on the fourth day of August, 1943, appellant, Vernon Parsons, executed a warranty deed conveying to appellants, Gus Hadwiger and Robert L. Hadwiger, "an undivided-one-half interest" in the land in question "for the period of the natural lifetime of Calvin Arvestis Parsons." The next day, on August 5, 1943, appellant, Vernon Parsons, by warranty deed conveyed a fee simple title to Robert L. Hadwiger alone to all of the real estate in controversy. Calvin Arvestis Parsons died October 7, 1946, and left surviving him as his only heirs all of the appellees herein.

After the death of Calvin Arvestis Parsons, the appellees herein instituted this action against the three appellants in the United States District Court for the Western District of Oklahoma, in which they alleged that they were the owners in fee simple of the above described real estate and that the appellants claimed an adverse interest therein, and asked that title to the same be quieted as against them. In a second cause of action they asked for possession of the premises, and in a third cause of action they asked for judgment in the sum of $663.70 for taxes paid by them during the lifetime of the alleged life tenant.

The court entered a judgment in favor of appellees and against the appellants adjudging appellees to be the owners in fee simple of the real estate involved in the action and entitled to the possession thereof, and adjudging that appellants had no title or interest therein. This appeal challenges the correctness of that adjudication.

Appellants contend that the second paragraph of the Will of Mary Jane Viles vested a fee simple title in Calvin Arvestis Parsons and that this interest passed by Vernon Parsons' deed of August 5, 1943, to Robert L. Hadwiger. Other assignments of error are urged relating to other parts of the judgment which it will not be necessary to consider because of the conclusion we have reached on the above contention.

The yard stick by which a will is to be construed is well established and no useful purpose would be served by entering into a detailed discussion thereof and by citing numerous authorities. It is sufficient to say that the purpose of construction always is to ascertain and carry out the intent of the testator as expressed in the will.[1]

The final decree in the county court construed the second provision of the Will as vesting a life estate in Calvin Arvestis Parsons and a remainder over to his heirs. Appellants contend that this adjudication by the county court does not constitute a final and binding decree. Since we do not rest our decision upon this decree by the county court, it is not necessary to pass upon this contention. While it is not decisive of the issue presented to us, it is worthy of note that prior to the execution of the general warranty deed of August 5, 1943, all the parties who dealt with this interest construed it to be less than a fee simple interest. The Sheriff's deed purported to convey only the interest of the defendant, Calvin Arvestis Parsons, and when Vernon Parsons made his first conveyance to the

[1] § 151, Title 84 O.S.1941; Dixon v. Helena Society of Free Methodist Church, 65 Okl. 203, 166 P. 114; O'Neil v. Dreier et al., 9 Cir., 61 F.2d 598; In re Jones' Estate, 195 Okl. 168, 155 P.2d 980; Cunningham v. Fidelity National Bank of Oklahoma City, 186 Okl. 429, 98 P.2d 57; Malone v. Herndon, 197 Okl. 26, 168 P.2d 272.

Hadwigers August 4, 1943, he again conveyed only an undivided one-hlaf interest in the land "for the period of the natural life of Calvin Arvestis Parsons."

We think it is clear that what the testatrix intended and what she did accomplish in the second provision of her Will was to give Calvin Arvestis Parsons a life estate in the real estate in question, with the remainder over to his heirs. We cannot agree with counsel for appellants that it is evident that the will was drawn by one skilled in the drafting of wills. On the other hand, a casual look at the photostatic copy of the will shows that it was inartistically drawn. We doubt whether any first-class lawyer would relish acknowledging the authorship of this will or would take pride in his handiwork, if forced to do so. It may be noted in passing that the will was drawn on a bank's stationery and that it has many of the characteristics of a typical banker's will. In any event, we have no difficulty in concluding that when paragraph two of the will is considered in its entirety it bequeaths a life estate to Calvin Arvestis Parsons and a remainder over to his heirs.

It is, however, contended that the rule in Shelley's case prevails in Oklahoma, and that in any event, the remainder over to the heirs would by operation of that rule vest the fee simple title in Calvin Arvestis Parsons.

Section 41, Title 60 O.S.1941, provides:

"When a remainder is limited to the heirs, or heirs of the body, of a person to whom a life estate in the same property is given, the persons who, on the termination of the life estate, are the successors or heirs of the body of the owner for life, are entitled to take by virtue of the remainder so limited to them, and not as mere successors of the owner for life."

Appellants take the position that this section does not abolish the rule in Shelley's case in all instances. Whatever room for doubt, if any, may have existed in Oklahoma with respect to this position has been removed by the decision of the Supreme Court of Oklahoma in Whitten et al. v. Whitten, —— P.2d ——, since the filing of the briefs in this case. * In that case, Julia A. Morris, by separate, identical deeds conveyed real estate respectively to a son and daughter. In each case, the estate, granted by the granting clause to the grantee, was for the life of the grantee, with remainder to the heirs of the body of the grantee. The syllabus of the court quotes the above statutory provision and then interprets it to mean that, " * * * Where deed conveyed land to C 'for her lifetime with remainder over to the heirs of her body', and C at the execution of the deed had living child or children, that such child or children took a contingent remainder."

The language of the second paragraph of the will limiting the remainder to the heirs of the life tenant brings the provision within the express language of the statute. It follows that under the decision of the Whitten case, supra, Calvin Arvestis Parsons took a life estate and his heirs, the appellees, a contingent remainder which vested upon his death. The Sheriff's deed could therefore only convey, as it purported to do, the life estate interest of Calvin Arvestis Parsons to Vernon Parsons, and his warranty deed of August 5, 1943, to Robert L. Hadwiger could convey no more than he received. The trial court correctly quieted appellees' fee title to the premises against all of the appellants.

As already stated, other assignments of error are urged but they become immaterial by virtue of the conclusions we have reached on the main question.

We have not overlooked appellants' assertion that Mary Jane Viles was the owner of only two-thirds interest in the property in question and that thus, in any event, only such interest passed to the appellees under the terms of her will. We have examined the record and find no substantial basis for such an assertion.

Affirmed.

---

* Not released by court at date of publication.