**FERGUSON et al. v. PATTERSON.**

No. 4237.

United States Court of Appeals Tenth Circuit.

Sept. 6, 1951.

Oklahoma, where they sought to have a judicial declaration that an instrument was insufficient to constitute a Last Will and Testament of Walter Ferguson, deceased, and that the deceased's property should be distributed to his heirs. This appeal is from a judgment upholding the will and declaring that the defendant, Patterson, should take the residue of the estate as his sole and separate property.

Walter Ferguson, a resident of Hughes County, Oklahoma, died on May 28, 1948. Thereafter, an instrument designated as his last will and testament was duly admitted to probate in the County Court of that county and the defendant, Patterson, was appointed executor thereof. Under the laws of descent in Oklahoma, the plaintiffs would inherit the property of the deceased if the deceased died intestate. An unsuccessful attempt was made in the State Court to have the will declared void because of undue influence exercised by Patterson over the deceased. Insofar as is material here, the will reads as follows:

"(2) I desire that all of my just debts and funeral expenses be fully paid.

"(3) In the event my sister, Mrs. Minnie Jones of Velpin, Indiana, survives me, I give, devise and bequeath to her the sum of Five Thousand Dollars ($5,000.00) to be paid out of any money or personal property of which I die seized and possessed, and in the event such money and personal property does not amount to Five Thousand Dollars ($5,000.00), the income from the remainder of my estate shall be paid to her until she receives a total sum of Five Thousand Dollars ($5,000.00). This bequest will terminate upon the death of my sister, Minnie Jones, it being for her personal benefit and not for the benefit of her heirs.

"(4) All the rest, residue and remainder of my property, both real and personal, and however described and wherever situated, and whether vested or contingent, I give, devise and bequeath to J. A. Patterson, the same to be his absolutely.

"(5) I desire that the land owned by me and situated in Section Seven (7) and

A. S. Wells, Seminole, Okl. (C. H. Baskin, Holdenville, Okl., on the brief), for appellants.

Earl A. Davis, Wewoka, Okl., for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiffs, all nonresidents of the State of Oklahoma, brought this declaratory judgment action in the United States District Court for the Eastern District of

Eight (8), Township Seven North (7N), Range Eight East (8E), Seminole and Hughes Counties, Oklahoma, shall be operated and managed in such a way as to set an example to those interested in soil conservation and better farming methods and development and propagation of pasture grasses.

"(6) I desire that my residuary beneficiary, J. A. Patterson, shall give to Father Flanagan's Boys Home, Boys Town, Nebraska, or some similar institution to be selected by him, such part of my personal estate and the income from my real estate as in his opinion can be spared for that purpose, the amounts of such payments and the times of making the same to be determined solely by J. A. Patterson. I repose special faith and confidence in my friend and attorney, J. A. Patterson, and he is named as the principal beneficiary in this will in order that he may carry out my personal desires, and he is to exercise his own judgment at all times.

"(7) The executor named in this will is granted the power of sale, and is authorized and empowered to execute such conveyances, mineral grants, or oil and gas leases, as in his judgment should be executed, subject only to confirmation by the court having jurisdiction of the settlement of my estate."

Patterson had been a close friend and confidant of the deceased for many years. He looked after his business affairs and took care of him in times of illness and at other times when assistance was needed. He often discussed with him what disposition might be made of his property.

Prior to his death, Ferguson made unsuccessful attempts to leave property to Boys Town and others for certain purposes but no satisfactory arrangement was ever made. Patterson was also advised of other charitable matters which the deceased desired to have taken care of after his death. These were described fully in the testimony of Patterson, which is the only evidence before us. Although these desires of the deceased are referred to and explained, there is no indication in the testimony that the deceased intended that the property set over to Patterson should be held in trust or that the devise was not to be absolute.

In view of Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664, and our decision in Porter v. Bennison, 10 Cir., 180 F.2d 523, the Court raised the question of the jurisdiction of the federal court over a case of this kind, and asked the parties to submit briefs on this question. It was held in Sutton v. English that under the law of Texas an independent action to construe a will could not be maintained in a court of general jurisdiction in the State of Texas, since original and exclusive jurisdiction for such actions was in the probate court. Consequently the federal court had no jurisdiction in a diversity action. In Porter v. Bennison we held that under the law of Nebraska and Colorado exclusive jurisdiction to void a will on the grounds of fraud was in the probate court and denied jurisdiction. Here the jurisdictional question may be disposed of by determining whether an independent action between the parties for the construction of this will could be maintained in a court of general jurisdiction in Oklahoma. We do not find that the Oklahoma Supreme Court has in so many words said that such actions may be maintained independently of the probate court, but this seems to be assumed as numerous independent actions have been entertained in the Oklahoma courts.[1] The law is settled in Oklahoma that upon the application for the admission of a will to probate, the only issue is the factum of the will; that is, was it duly executed and attested and not procured by fraud, and was the testator free

1. Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486; Kelly v. Thompson, 186 Okl. 479, 99 P.2d 503; Cunningham v. Fidelity Nat. Bank of Oklahoma City, 186 Okl. 429, 98 P.2d 57; In re Kelly's Estate, 132 Okl. 21, 269 P. 282; Riley v. Collier, 111 Okl. 130, 238 P. 491; Porter v. Porter, 97 Okl. 231, 222 P. 971; Armstrong v. Letty, 85 Okl. 205, 209 P. 168; Dixon v. Helena Society of Free Methodist Church, 65 Okl. 203, 166 P. 114.

from the disabilities which, under the Oklahoma law, would defeat the will? Upon such hearing the probate court does not have jurisdiction to construe the provisions of a will.[2] The statute which authorizes contests of wills provides that such proceedings must be brought in probate court. It does not confer jurisdiction upon the probate court to interpret the provisions of a will. 58 Okl.St.Ann. §§ 41, 61. Although it appears that a will may be construed on distribution of an estate,[3] we conclude that this is not exclusive and that the plaintiffs could have maintained an independent action in the District Court of Hughes County, Oklahoma, for a construction of the provisions in the will. Since a diversity of citizenship of the parties exists and the requisite jurisdictional amount is involved, the federal court has jurisdiction.

On the merits the plaintiffs contend that the evidence and surrounding circumstances at the time of the making of the will disclose that it was not the intention of Ferguson to vest the residue of his estate in Patterson as his absolute property. It is asserted that the terms of the will and the evidence conclusively show that Ferguson only intended that Patterson be a trustee of the property for different charitable purposes and that the creation of an enforcible trust was not accomplished, therefore the will was void and the property should be distributed to the plaintiffs as the heirs at law of Ferguson. The trial court held that the language in the will was insufficient to create a trust of any kind and that it was the intention of Ferguson to vest the residue of his estate in Patterson without restriction. We find no reason for disturbing this holding.

Wills should be construed with the view of determining the true intent of the testator. The nature, character and extent of an estate created must be ascertained according to this intention as disclosed by the language of the entire will,[4] taking into consideration the circumstances under which it was made, exclusive of the oral statements of the testator.[5]

If possible, a court will so interpret a will as to hold it valid in order to prevent a total intestacy.[6]

The residuary devise to Patterson in paragraph 4 of the will was clear, unambiguous and distinct in its terms. The subsequent two clauses upon which appellants seek to establish their rights were vague, ambiguous and indistinct. A well settled rule of construction applied to wills is that an absolute estate or certain specific interest given to a devisee by clear and unambiguous language will not be cut down, affected, impaired, or qualified in the same or a subsequent provision by inference or argument, but will be qualified or cut down only by words equally clear and distinct as the words constituting the devise, whether such words are contained in the same or a separate provision.[7]

The desires expressed by Ferguson

2. In re Heitholt's Estate, 202 Okl. 351, 213 P.2d 865; Pirtle v. Wright, 187 Okl. 77, 101 P.2d 625; Mantz v. Gill, 147 Okl. 199, 296 P. 441; Courtney v. Daniel, 124 Okl. 46, 253 P. 990; Rogers v. Mosier, 121 Okl. 213, 245 P. 36; Armstrong v. Letty, 85 Okl. 205, 209 P. 168; Letts v. Letts, 73 Okl. 313, 176 P. 234; Brock v. Keifer, 59 Okl. 5, 157 P. 88; In re Allen's Will, 44 Okl. 392; 144 P. 1055.

3. Fisher v. Gear, 196 Okl. 18, 162 P.2d 182; Armstrong v. Letty, 85 Okl. 205, 209 P. 168.

4. 84 Okl.St.Ann. §§ 151, 152; Parsons v. Parsons, 10 Cir., 174 F.2d 1000; Crews v. Oven, 10 Cir., 159 F.2d 780, certiorari denied, 331 U.S. 836, 67 S.Ct. 1520, 91 L. Ed. 1849; Malone v. Herndon, 197 Okl. 26, 168 P.2d 272; Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486, 500; Porter v. Porter, 97 Okl. 231, 222 P. 971.

5. 84 Okl.St.Ann. § 152; Dilks v. Carson, 197 Okl. 128, 168 P.2d 1020.

6. 84 Okl.St.Ann. § 160; Munger v. Elliott, 187 Okl. 19, 100 P.2d 876, 879; Cunningham v. Fidelity Nat. Bank of Oklahoma City, 186 Okl. 429, 98 P.2d 57, 59; In re Lidston's Estate, 32 Wash.2d 408, 202 P. 2d 259, 263.

7. 84 Okl.St.Ann. § 156; In re Kearns' Estate, 36 Cal.2d 531, 225 P.2d 218, 220;

in the fifth and sixth clauses of his will were not charges upon Patterson's interest, notwithstanding Patterson was subsequently named executor. These provisions only stated Ferguson's desires. The word "trust" or "trustee" was not used in the will. The suggestions were extremely general. There were no specific indications as to how the real property was to be handled or the amount to be given to Boys Town or similar institution. No time limit was fixed to carry out these desires. These provisions indicate that Ferguson, a lifelong friend of Patterson, intended to leave the disposition of the residue of his estate to Patterson without restriction. He relied upon this friend's knowledge of certain desires to carry them out after his death. They were no more than suggestions and expressions of a desire. The language was only precatory and was not sufficiently clear to show an intention on the part of the testator to create a trust or to limit the absolute devise to Patterson.[8]

Judgment is affirmed.

Gormly v. Edwards, 195 Okl. 123, 155 P. 2d 985; McClean v. McClean, 142 Kan. 716, 52 P.2d 625, 628; In re Friss' Will and Estate, 45 Okl. 399, 149 P. 1176, 1177; In re Marti's Estate, 132 Cal. 666, 61 P. 964, 966, affirmed 64 P. 1071.

8. Howard v. Carusi, 109 U.S. 725, 733, 3 S.Ct. 575, 27 L.Ed. 1089; Burnes v. Burnes, 8 Cir., 137 F. 781, 792, certiorari denied 199 U.S. 605, 26 S.Ct. 746, 50 L. Ed. 330; In re Kearns' Estate, 36 Cal. 2d 531, 225 P.2d 218, 222; Dixon v. Helena Society of Free Methodist Church, 65 Okl. 203, 166 P. 114; In re Browne's Estate, 175 Cal. 361, 165 P. 960; In re Marti's Estate, 132 Cal. 666, 61 P. 964, affirmed 64 P. 1071; See annotations in 49 A.L.R. 10, 70 A.L.R. 326, 107 A.L.R. 896.