Lee G. BARNES, Plaintiff in Error,

v.

Louis T. BARNES, Embry Barnes and Louis T. Barnes, Trustee, Defendants in Error.

No. 36270.

Supreme Court of Oklahoma.

Feb. 15, 1955.

Rehearing Denied March 15, 1955.

Wheeler & Parsons and Floyd Wheeler, Oklahoma City, for plaintiff in error.

Monnet, Hayes & Bullis, Oklahoma City, for defendants in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Lee G. Barnes, hereinafter referred to as plaintiff, against Louis T. Barnes, Embry Barnes and Louis T. Barnes, trustee, hereinafter referred to as defendants, and involves the validity of an alleged trust.

The plaintiff and defendants are the three sons and sole heirs at law of Dr. L. Lee Barnes, who died on November 24, 1947. Prior to his death, the said Dr. L. Lee Barnes wrote a holographic will, which is as follows:

> "Dr. L. Lee Barnes,
>   "Dentist
> "Suite 630 First Nat'l Bank Bldg.,
>   "Oklahoma City, Okla.
>  "My Will (Last) July 28, 1945
> "One third of property to my wife (if living)
> "One Thousand Dollars to my Asst. Lenore Williams For loyal and good work.
> "Balance to be divided between my three Sons Louis Embry & Lee. Embry to have my Dental office & equipment for the value of $2500.00 Two Thousand & Five Hundred Dollars.
> "Louis T. Barnes to be my administrator.
> "Lee G. Barnes share to be held in trust by Louie T. Barnes and paid to him Fifty Dollars per month until all his share is paid.
> "Witness by          L Lee Barnes
> "Embry R. Barnes.
> "Lenore Williams."

Such will was admitted to probate, a final account and petition for distribution filed and on August 25, 1948, a final decree

was entered distributing the estate of L. Lee Barnes, deceased, in accordance with such will. Such final decree listed the property involved and set over an undivided one-third interest therein to Louis T. Barnes as trustee for Lee G. Barnes under the will of L. Lee Barnes. Defendant, Louis T. Barnes, took possession of an undivided one-third of the property listed in the final decree, as trustee, and has since handled the property and made the monthly payments to Lee G. Barnes as required by the will and final decree.

On September 6, 1951, plaintiff commenced this action in the District Court of Oklahoma County, asking the court to declare that there was no trust created by the will; alleging that if a trust was created by the will such trust was a passive trust; asking for an accounting and partition. Upon a trial to the court, the court found that the will created a valid trust of which Louis T. Barnes was trustee and assumed jurisdiction over the administration of the trust, from which action plaintiff appeals.

■ In his first proposition of error, plaintiff contends that no valid trust was ever declared in the will. In support of such contention he argues that there was no declaration of trust; that there was no separation of legal title from equitable title; that there was no subject matter or trust res, and that there was no purpose given for the creation of a trust. Such argument is refuted by a mere reading of the will, however. The words "Lee G. Barnes' share to be held in trust by Louis T. Barnes and paid him $50.00 per month until his share is paid" not only constitute a clear and specific declaration of trust, but also serve to separate the legal title from the equitable title to the portion of the estate involved. With reference to the purpose of the trust, it is apparently plaintiff's theory that the testator is required to set out in his will his reason for creating the trust. We find no basis for such a requirement, however, either in statute or judicial decision. All that is required, in so far as the purpose of a trust is concerned, is that such purpose be not unlawful. 60 O.S.1951 § 175.2. The word "purpose", as used in such statute, however, refers to the thing to

be accomplished by the creation of the trust, and not to the testator's reasons for wanting to accomplish such purpose. The words of the will last above quoted clearly indicate the purpose of the trust in question namely, to provide a method whereby plaintiff will receive his share of decedent's estate in specified monthly installments over a long period of time. We know of no statute which makes such a purpose unlawful, and none has been called to our attention. We therefore conclude that the trust in question has an expressed purpose and that such purpose is not unlawful.

■ Plaintiff further argues that it is impossible to have a trust without a trust res and that the will did not specify any trust res. We agree that a trust must have a trust res, but find no merit in the argument that no trust res was designated in the will in question. Quite obviously, the trust res here is an undivided one-third interest in the residuary estate of L. Lee Barnes, deceased. The final decree of the County Court in which the will was probated sets out the property set over to the trustee and constituting the trust res in detail and plaintiff's petition herein likewise describes the property constituting the trust res in detail. It appears that no one has had any trouble identifying the property constituting the trust res so far, and that there is no controversy between the parties as to whether any particular piece of property is or is not included within the trust res.

As his second proposition, plaintiff contends that if a trust was declared, it is void (1) by reason of the rule against perpetuities, (2) by reason of the rule against restraints on alienation, and (3) by reason of the statutory provisions relating to the creation of an express trust.

■ With respect to the rule against perpetuities, plaintiff argues that if plaintiff's interest does not vest immediately, then there is nothing to indicate when, if ever, it will vest; that the trust must continue throughout all future eternity and in perpetuity and that the purpose of the rule against perpetuities is to prevent such evil and has the effect of rendering such trust void. Such argument misconceives both the nature of plaintiff's interest and the rule

against perpetuities. No contention is made by defendants that plaintiff's interest in the trust corpus is not vested, and such contention would not be well taken if made. Decedent's will makes no provision for any contingent remainder, future interest, reversionary interest or anything of the kind, and there is nothing therein to indicate that plaintiff's interest is anything other than an absolutely vested interest. The rule against perpetuities is usually stated as prohibiting the creation of future interests or estates which by possibility may not become vested within a life or lives then in being plus twenty-one years, together with the period of gestation when the inclusion of the latter is necessary to cover cases of posthumous birth, 21 R.C.L. 282, Perpetuities, § 2; 41 Am.Jur. 50, Perpetuities and Restraints on Alienations, § 3. Such rule, however, is concerned only with the remoteness of vesting of contingent future interests, and not with their duration or termination. 41 Am.Jur. 66. As stated in 21 R.C.L. p. 290, title Perpetuities, § 12: "The rule against perpetuities has reference to the time within which the title vests, and has nothing to do with the postponement of the enjoyment. A vested interest does not necessarily include a right to the possession, and if an interest is vested it is not subject to the rule, however remote may be the time when it may come into possession." In this connection see also the annotations in 26 L.R.A.,N.S., 724; 13 A.L.R. 1033; 14 A.L.R. 1240; 85 A.L.R. 1321, and 110 A.L.R. 1450. As we see it, plaintiff's interest in the trust estate is vested, and not contingent in any way, but his right to the possession and enjoyment thereof has been postponed by virtue of the creation of the trust for the purpose of paying over a stated portion thereof to him at monthly intervals. We find nothing in such an arrangement which is violative of the rule against perpetuities.

■ With respect to his contention that the trust is void by reason of the rule against restraints on alienation, plaintiff cites the statute which prohibits the suspension of the power of alienation for longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition, 60 O.S.1951 § 31, and states that the trust in question is void by virtue thereof. Plaintiff does not point out any provision of the will, however, which attempts to restrict or suspend the power of alienation and we are unable to find any such provision therein. Plaintiff does call attention to 60 O.S.1951 § 33, which provides:

"The suspension of all power to alienate the subject of the trust, other than a power to exchange it for other property to be held upon the same trust, or to sell it and re-invest the proceeds to be held under the same trust, is a suspension of the power of alienation within the meaning of the second preceding section."

It is apparently plaintiff's theory that by virtue of such statute the mere creation of the trust constitutes a suspension of the power of alienation during the duration of the trust. Conceding for the purpose of argument, and without so holding, that such is the case, still it does not follow that the trust in question violates the statute by suspending the power of alienation for a longer period than that allowed by law. The will specifically provides that payments of $50 per month are to be paid to plaintiff until all his share is paid. Such language contemplates that such payments shall be made during plaintiff's lifetime, since, as we have already pointed out, the obvious purpose of the trust is to provide a method whereby plaintiff will receive his share of the estate in specified monthly installments over a long period of time. Should plaintiff die prior to receiving all of his share of the estate, the purpose of the trust ceases and the trust ends by operation of law. 60 O.S.1951 § 175.49; Cunningham v. Fidelity National Bank of Oklahoma City, 186 Okl. 429, 98 P.2d 57. Should plaintiff receive his share of the estate in full during his lifetime, the trust would of course terminate at the time. In either event the life of the trust will not extend beyond the life of plaintiff, and if there be any suspension of alienation by virtue of the existence of the trust such suspension ceases with the termination of the trust. Since any such suspension of alienation will not exist

for a period longer than a life in being at the time of the creation of the trust, there is no violation of the statute restricting the power of suspension of alienation and the trust in question is not void for such reason. Cunningham v. Fidelity National Bank of Oklahoma City, supra.

Plaintiff further contends that the trust is void by reason of the provisions of 60 O.S.1951 § 172, the pertinent portion of which is as follows:

"No such express trust shall be valid unless created * * * or, second, by a will duly executed, as required by the law of the State. Such express trusts shall be limited in the duration thereof either to a definite period of not to exceed twenty-one (21) years, or to the period of the life or lives of the beneficiary or beneficiaries thereof in being at the time of the creation of the trust. The instrument creating the trust shall specify the period of duration thereof within the limitations herein provided."

Plaintiff argues that the will under consideration did not limit the duration of the alleged trust to any definite time and is therefore void because under the above-quoted statute the trust should have been limited to the life of Lee Barnes, or for a period of 21 years. This argument has been answered by what we have hereinabove said, however, since we have already pointed out that under the terms of the will and by virtue of statute the duration of the trust does not exceed the period of the life of the beneficiary. Such being the case it is not violative of the last-cited statute. In this connection, however, it might also be noted that the trust in question is a personal trust, as distinguished from a business trust. In 1941 the legislature of this state passed the Oklahoma Trust Act, 60 O.S.1951, §§ 175.1 to 175.53, dealing with personal or express trusts, as distinguished from business trusts. By the terms of such act it was made applicable to all wills made by testators who should die subsequent to the effective date of the act. Such act is all comprehensive in respect to the creation, duration, operation, termination, etc., of express or personal trusts. Since the testator whose will is in question died in 1947, that will and the trust therein created are governed by the provisions of such act. The statute cited by plaintiff and above quoted was passed in 1919, and a reading of the complete act discloses that it was passed for the purpose of dealing primarily with business trusts. The legislature has made this abundantly clear by amending such statute in 1949 to specifically provide that its application is limited to business trusts and that it is not applicable to personal trusts. In any event, since the statute relied on by plaintiff, and the Oklahoma Trust Act, supra, are in conflict in some respects, the provisions of the Oklahoma Trust Act prevail in so far as the trust in question is concerned, and the statute cited by plaintiff is not applicable. No contention is made that the trust in question does not comply with the provisions of the Oklahoma Trust Act, supra, in every regard. We find that the trust in question sufficiently complies with the applicable statutes, and is valid in every respect.

As his last proposition, plaintiff contends that even if otherwise valid, the will is so vague, indefinite, and uncertain, that it would be impossible of supervision. We do not find the will to be in the least vague, indefinite or uncertain. It very simply and clearly gives to plaintiff a vested interest in one-third of the testator's residuary estate, but places the property in trust for the purpose of providing a method whereby plaintiff will receive his share of the estate in specified monthly installments over a long period of time. The purpose of the trust is obvious and we find nothing therein which would impede or prevent the orderly administration and supervision thereof.

Judgment affirmed.