372 F.2d 249
 John DROPPLEMAN, Jr., Appellant,
v.
Thomas J. HORSLEY, Hicks Epton and Dudley Culp, individually
and as copartners d/b/a Horsely, Epton & Culp, Glen O.
Wallace, T. E. Burch, individually and as guardian of Grace
Droppleman, an incompetent, C. W. Drake, individually and as
administrator of the estate of John Droppleman, dec., the
Western Surety Company, a corporation, and Earl Watts, Appellees.
 No. 8660.
 United States Court of Appeals Tenth Circuit.
 Jan. 24, 1967.
 
 Durward K. McDaniel, Oklahoma City, Okl. (Belli, Ashe, Gerry & Ellison, San Francisco, Cal., on the brief) for appellant.
 Truman B. Rucker, Tulsa, Okl., and Andrew C. Wilcoxen, Jr., Muskogee, Okl. (Walter D. Hanson, Oklahoma City, Okl., and A. Camp Bonds, Muskogee, Okl., on the brief), for appellees.
 Before PICKETT and HICKEY, Circuit Judges, and STANLEY, District judge.
 HICKEY, Circuit Judge.
 
 
 1
 Appellant filed a complaint in the United States District Court for the Eastern District of Oklahoma alleging a conspiracy on the part of the appellees to procure and introduce false testimony at the trial of probate matter. The alleged conspiracy occurred in a proceeding in the District Court of Seminole County, Oklahoma, where it was determined that appellant was not an heir of the deceased John Droppleman, Sr. Appellant claims his representatives were induced by the introduction of false testimony concerning his paterity to settle his claims against the Droppleman estate, and this settlement is now merged into a tainted judgment. The alleged tainted judgment was attached to and made a part of the complaint which sought the recovery of damages.
 
 
 2
 The trial court dismissed the complaint for a failure to state a claim upon which relief could be granted. Thereafter and within proper time, a notice of appeal was filed.[1] Subsequently, and more than thirty days after the order of dismissal, appellant filed an application for leave to amend the complaint,[2] attaching a copy of the amended pleadings to the application. The application was denied, whereupon an amended notice of appeal was filed within thirty days after the denial.
 
 
 3
 To expedite the consideration of the alleged errors, we first consider the denial of the application to amend. This Circuit has said, 'Appellants also complain of the resusal of the court to allow an amendment to the pleadings after the appeal has been lodged, but the filing of the appeal deprived the trial court of jurisdiction to allow amendments to the pleadings, and the court therefore did not err in its refusal to do so. See Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902.'[3]
 
 
 4
 The rule above was reaffirmed by this court in Aune v. Reynders, 344 F.2d 835 (10 Cir. 1965). The trial court correctly applied the applicable law in denying the application to amend.
 
 
 5
 Turning to the dismissal of the complaint upon the grounds that it failed to state a claim upon which relief could be granted, we recognize the liberal rules by which a pleading is construed under the Federal Rules of Civil Procedure.
 
 
 6
 When considering motions to dismiss pleadings to which other writings are attached and incorporated therein by reference, this court has said, 'The motion to dismiss admitted all facts well pleaded, but it did not admit the legal effect ascribed by the pleader to the writing. The writing was attached to the first amended complaint as an exhibit and its legal effect is to be determined by its terms rather than by the allegations of the pleader.' Zeligson v. Hartman-Blair, Inc., 126 F.2d 595, 597 (10 Cir. 1942).
 
 
 7
 In examining the alleged tainted judgment attached to the complaint, we are bound by the Oklahoma Statute,[4] and the following rule:
 
 
 8
 'It thus appears that the probate court found and adjudicated * * *, and that judgment until reversed or vacated by the proper procedure in that court or in some other tribunal of that state authorized thereto by its laws must be accepted here, not only to estop appellant to be heard on his allegations of fraud, (contained in a collateral complaint) but as a bar against the maintenance and prosecution of that complaint in this court.' Folk v. Monsell, 71 F.2d 816, 818 (10 Cir. 1934). See also Wells v. Helms, 105 F.2d 402, 404 (10 Cir. 1939); Burford v. Stuart, 412 P.2d 169, 174 (Okla.1966).
 
 
 9
 It is evident from the pleadings that a claim is alleged on the grounds the Oklahoma probate decree was obtained by a conspiracy to procure and utilize false testimony. It is equally clear that the decree is a conclusive determination of the heirs of John Dropplemen, Sr. and portions or parts of the estate to which they are entitled. Under the law of Oklahoma, this decree is not subject to collateral attack.
 
 
 10
 ' It is the general rule of pleading that where a complaint alleges facts constituting a cause of action and also alleges facts which constitute a valid defense, unless it alleges further facts avoiding such defense, it may be attacked by demurrer or motion to dismiss.' Leggett v. Montgomery Ward & Co., 178 F.2d 436, 439 (10 Cir. 1949). The claim, alleging a conspiracy to deprive an heir of his bounty, is answered by the decree which adjudicates that plaintiff is not an heir. Therefore, absent an allegation of a determination by the Oklahoma Court that the decree is invalid, the complaint cannot stand.
 
 
 11
 Furthermore, 'A conspiracy to give or to procure the giving of false testimony is not actionable. The basis of this conclusion is that witnesses are brought into court under authority of the law and while there they are performing a public duty. A conspiracy to give or secure false testimony is an offense against the public only.' 16 Am.Jur.2d Conspiracy, 55. The above rule is well explained in one of the cases cited in 139 A.L.R. 469, 470, to sustain the proposition that such a conspiracy is not actionable.
 
 
 12
 '* * * in refusing recovery in an action brought against certain defendants alleged to have conspired, by fraud and perjury, to deprive and cheat the plaintiff of certain land, the court said, 'If the judgment was obtained, as is contended, by fraud and perjury, the plaintiff has ample remedy by law. The court which rendered the judgment upon proof of these allegations would be bound to grant a new trial, so that upon a further investigation justice might be done. The witnesses, if guilty, might be indicted for perjury, and so might all those be indicted who had unlawfully conspired together to deprive the plaintiff of his rights, and their conviction would afford the most convincing evidence that a review of the action should take place."
 
 
 13
 Even if this action were filed under the Civil Rights Statute, appellant would have no cause of action. The 8th Circuit has said, 'But assuming that the State court proceedings were not within the jurisdiction of the courts which decided them, or that they were contrary to State law or procured by fraud or perjury, they were not void but, at most, erroneous. Nothing in the Civil Rights Act gives a Federal court jurisdiction to review them. * * * The Federal Constitution does not guarantee a citizen against loss through fictitious or fraudulent litigation or ghrough erroneous decisions of State courts on questions of State law nor, as we have seen, does it guarantee uniformity of decisions on the part of State courts nor protect the citizen against the invasion of private rights by private parties.' Moffett v. Commerce Trust Co., 187 F.2d 242, 248, 249 (8 Cir. 1951).
 
 
 14
 For the foregoing reasons, it is evident that the complaint does not state a claim upon which relief can be granted. We, therefore, affirm the lower court.
 
 
 15
 Affirmed.
 
 
 
 [1]
 Order of dismissal entered December 16, 1966; Notice of Appeal filed January 14, 1966
 
 
 [2]
 Application to amend was filed January 18, 1966
 
 
 [3]
 Brasier v. United States, 229 F.2d 176, 177 (10 Cir. 1955)
 
 
 [4]
 58 Oklahoma Statutes Annotated 632 provides: 'In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal.'