**Edith COSBY and Susie De Shazo, Appellants,**

v.

**O. D. (Bud) SHACKELFORD and Ruth Jane Lee, Co-Executors of the Last Will and Testament of Ida Poindexter, Deceased, Appellees.**

**No. 113–68.**

United States Court of Appeals Tenth Circuit.

March 26, 1969.

---

7. Section 306 adopts the termination criterion of Section 302(b) (3) of the Code. See footnote 5, supra.

Kendall O. Schlenker, Albuquerque, N. M. (James M. Parker, Albuquerque, N. M., on the brief), for appellants.

James C. Compton, Portales, N. M., for appellees.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is an appeal from a declaratory judgment brought by beneficiaries for the construction of the will of Ida Poindexter, a deceased resident of New Mexico. After a decision adverse to them, they perfected a timely appeal to this court.

The court below having assumed jurisdiction, we raised the procedural jurisdictional question, requested briefs, and heard arguments thereon.

In New Mexico the probate court is one of special and limited jurisdiction.[1] Its powers are rigidly limited and its decisions are not reviewed, but the issues are tried anew, on appeal.[2]

Some years after the enactment of the statutes above referred to New Mexico

---

1. N.M.Stat.Ann. Ch. 16, § 16-4-10 (1953).

2. N.M.Stat.Ann. Ch. 16, § 16-4-18 (1953); 1 Bancroft's Probate Practice 40, § 17 (2d ed. 1950).

enacted a provision that gave the district courts of that state concurrent jurisdiction with the probate courts.[3]

The Supreme Court of New Mexico held, "the District Court [has] jurisdiction in [a] Declaratory Judgment action to construe [a] will and give the executrix and trustees its judgment."[4]

The Fifth Circuit has held a declaratory judgment action construing the terms of a will is a civil suit or controversy and not a proscribed probate proceeding.[5] This case reasons that the state court having lodged jurisdiction for the construction of wills in its court of general jurisdiction, as New Mexico has in *Wollard,* supra, it thereby establishes the declaratory action as a civil suit or controvery. In line with the teachings of Holt v. King [6] and Ferguson v. Patterson,[7] we agree with *Byers,* supra.

The initial briefs and the burden of the oral argument directed our attention to the merits of the trial court's ruling which denied appellants' contention that the death taxes on the testamentary and non-testamentary assets of the estate should be prorated among all the beneficiaries designated in the will. The trial court ruled the eleventh paragraph of the will [8] was a direction against apportionment of the death taxes within the New Mexico law and United States estate tax law.

■ Unless the findings upon which the trial court based its ruling are clearly erroneous and are not supported by substantial evidence, we will not disturb the ruling.[9]

■ Since this is a diversity action, we proceed to determine the law to be applied. The testatrix, a resident of New Mexico, died in that state and the probate of her will occurred therein. Therefore New Mexico law is applicable.[10]

In its memorandum opinion the trial court said: "It is the opinion of the Court, and the Court finds that the 'settling of my estate' [as that phrase was used in paragraph 'ELEVENTH'] includes payment of any taxes to the United States or to the State of New Mexico." Accordingly, the judge found that the testatrix meant all taxes shall be paid out of the assets mentioned in paragraph eleven.

■ The rule is that a will is construed to determine the intent of the testator.[11]

■■ In the case of In re Gallagher's Will,[12] the New Mexico Supreme Court established the rule that non-probate assets includible in the gross estate must bear their proportionate share of the burden of the federal estate tax subject, however, to the power of the testator to make [v] a specific provision otherwise. This case did not deal with probate assets in regard to estate taxes but it does indicate that in New Mexico a testator does have power to make a provision directing which assets shall bear the burden of the tax. Also, in the case of

3. N.M.Stat.Ann. Ch. 16, § 16–3–20 (1953).

4. Wollard v. Sulier, 55 N.M. 326, 232 P.2d 991, 992 (1951).

5. Byers v. Byers, 254 F.2d 205, 208 (5th Cir. 1958).

6. 250 F.2d 671, 675 (10th Cir. 1957).

7. 191 F.2d 584, 586 (10th Cir. 1951).

8. Paragraph 11 of the will provided: "ELEVENTH: It is my will that my U. S. Government bonds and my checking account that I have in the First National Bank in Portales, New Mexico be used to pay for the settling of my estate

and if there be any left, I will it to Edith Cosby and Susie DeShazo."

9. Home Indem. Co. v. Midwest Auto Auction, Inc., 285 F.2d 708 (10th Cir. 1960).

10. Potter v. Fahs, 167 F.2d 641 (5th Cir. 1948); Liberty Nat'l Bank v. Smoot, 135 F.Supp. 654 (D.D.C.1955); 16 Am.Jur.2d, Conflict of Laws, § 67 (2d ed. 1964).

11. Wollard v. Sulier, 55 N.M. 326, 232 P.2d 991 (1951).

12. 57 N.M. 112, 255 P.2d 317, 37 A.L.R. 2d 149 (1953).

Riggs v. Del Drago [13] the Supreme Court established that it is proper for state law to determine where the ultimate burden of the federal estate tax will fall.

█ The trial court noted that § 31–16–19 [14] of the New Mexico Statutes provides that the New Mexico succession taxes must be paid before an estate can be settled and found that the settlement mentioned by the statute refers to the acts of the executor or administrator. It was upon these findings that the trial court based its conclusion that the "settling of my estate" as used in paragraph "ELEVENTH" includes the payment of both state and federal taxes.

██ It cannot be said that the trial court was clearly erroneous when it found that the "settlement" mentioned in § 31–16–19 refers to the acts of executors or administrators. Title 26 U.S.C. § 2002 requires that the executor must pay the federal estate tax, and § 31–16–2 of the New Mexico Statutes makes the executor liable for the state inheritance tax. Accordingly, it is clear that one of the acts required of the executor is the payment of all taxes and that such act is part of his duties in settling the estate.

The last issue presented is whether the death taxes payable on non-testamentary assets must be paid from the assets described in paragraph eleven.

█ In re Gallagher's Will, supra, teaches that non-probate assets includible in the gross taxable estate shall bear their proportionate share of the burden of the federal estate tax unless the testator provides otherwise. The testatrix's intent, as shown above, was that the assets specified in paragraph eleven should bear the burden of taxes.

There is no reason to believe that the taxes on non-probate assets are not a part of this burden.

Affirmed.

13. 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106, (1953) provides: "No final settlement 142 A.L.R. 1131 (1942).

14. N.M.Stat.Ann. Ch. 31, § 31–16–19 until tax is paid.—No final settlement of the account of any executor or administrator shall be accepted or allowed by any probate court, unless it shall show

and the judge of said court shall find all taxes imposed by the provisions of section 2 [31–16–2] hereof upon any property or interest belonging to the estate to be settled by said account, shall have been paid, and the receipt of the Bureau of Revenue for such tax shall be the proper voucher for such payment."