**Rex MUNCRIEF, Plaintiff, Appellant,**

v.

**MOBIL OIL COMPANY, a corporation, et al., Defendants, Appellees.**

**Nos. 230–68, 231–68.**

United States Court of Appeals,
Tenth Circuit.

Feb. 9, 1970.

Charles R. Nesbitt, Oklahoma City, Okl. (Robert N. Naifeh, Oklahoma City, Okl., of counsel, was with him on the brief) for plaintiff-appellant.

C. Harold Thweatt and William G. Paul, of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for defendants-appellees.

Before LEWIS, Circuit Judge, FAHY,* Senior Circuit Judge, and SETH, Circuit Judge.

LEWIS, Circuit Judge.

Appellant Muncrief filed this diversity action for declaratory judgment in the United States District Court for the Western District of Oklahoma where he sought to impose a constructive trust on specified lands belonging to the individual appellees and mineral leases thereon held by the corporate appellees, appearing as stakeholders. The interests in question devolved from the estate of J. W. Morris who died in 1958 leaving a will devising certain lands to one of the individual defendant-appellees herein; naming appellee Thomas J. Morris executor and residuary legatee; and bequeathing to the others, including appellant, the sum of one dollar each. The individuals designated as heirs were decedent's half-brothers and -sisters, with the exception of Muncrief who was named "my friend." A subsequent codicil executed by decedent provided in part that any devisee or legatee would forfeit his share in the will and the full estate would pass to the Salvation Army if a contest of the will and codicil were either tolerated or initiated by the parties or if they shared among themselves. In 1959 both the will and codicil were probated in the County Court of Murray County, Oklahoma.

Prior to final probate Thomas J. Morris and the other half-brothers and -sisters entered into an oral agreement whereby they agreed to probate of the will and codicil without contest and an ultimate division of the estate among them. When Thomas balked at fulfilling his bargain, the half-kin successfully sued to establish a constructive trust on the property in their behalf. Morris v. Leverett, 434 P.2d 912 (Okl.). It is this action which led to Muncrief's claims before the court below.

In its 1967 opinion, the state high court described the parties' conduct. Apparently, during entry of the will to probate in the county court, the half-kin who were left one dollar each under the will told Thomas J. Morris that they thought there was a later will. Morris replied that he personally feared Muncrief and that a contest might cause the estate to go to the Salvation Army. Morris thus suggested that if they cooperated with him and allowed the will then filed to go through probate, he would divide what he was to receive with them. The Oklahoma Supreme Court held that public policy encourages family settlements of decedents' estates, that plaintiffs had demonstrated a sound basis for belief that a later will existed, and that plaintiffs' forbearance to bring suit constituted sufficient consideration to support Morris' oral agreement to share equally with them. 434 P.2d at 922–924. Muncrief in no way participated in the agreement or subsequent litigation thereon.

In the instant action appellant Muncrief claimed that he is the illegitimate

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

son of decedent and that he was acknowledged by his father pursuant to Okla.Stat.Ann. tit. 84, § 215 (1952). He further alleged that a constructive fraud was worked on him by the defendants' agreeing to probate of the will in order to deprive him of any further participation in the estate. The predicate of Muncrief's claims against admission of the will to probate was that an invalid will or a proved last will would have caused the estate to pass by intestacy with Muncrief taking as legitimized son. The trial court denied defendants' motion for summary judgment, but dismissed the action without prejudice for lack of subject matter jurisdiction on the ground that the relief sought required avoidance of the state probate decree.

Muncrief urges on appeal that the imposition of a constructive trust in his behalf in no way disturbs the county court probate. Appellees' position is that Muncrief's interest in the estate was adjudicated in the probate proceedings in which he was a party and personally appeared and that the probate adjudication is not subject to collateral attack in either the state or federal courts.[1] Appellees further argue that the probate judgment is res judicata in any subsequent suits affecting the estate's assets. While agreeing with the court below that the probate cannot be collaterally attacked in a subsequent action on the will, we conclude that basic subject matter jurisdiction lies to entertain appellant's suit.

Muncrief's claim for relief is premised not on the entry of the final probate decree, but appellees' conduct leading to the subsequent state court judgment raising a constructive trust in their favor. The fraud alleged in this action involves excluding Muncrief from participation in the oral agreement and to share by the agreement in the estate proceeds. As such, appellant sought to prove extrinsic fraud—apart from the probate proceedings—disclosed in the equitable action brought by the other half-kin against Thomas J. Morris.

In Ferguson v. Patterson, 10 Cir., 191 F.2d 584, 586–587, an action to construe will provisions, the court found concurrent jurisdiction with Oklahoma district courts and concluded that the probate decree was limited to the factum of the will. *Accord,* Foster v. Carlin, 4 Cir., 200 F.2d 943, 947; *see* Cosby v. Shackelford, 10 Cir., 408 F.2d 1144, 1146; Murrell v. Stock Growers' Nat'l Bank, 10 Cir., 74 F.2d 827, 831. In a suit to set aside a trust, the court in *Foster*, citing Ferguson v. Patterson, *supra*, stated:

> The law is well settled that the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts. However, as to matters which do not involve administration of an estate or the probate of a will, but which may be determined in a separate action *inter partes* in the courts of general jurisdiction of the state, the federal courts do have jurisdiction if the requisite diversity of citizenship exists. 200 F.2d at 947.

A series of Tenth Circuit decisions has consistently distinguished between extrinsic and intrinsic fraud[2] and enter-

---

1. Okla.Stat.Ann. tit. 58, § 632 (1965) provides:

    *Rights fixed by decree*

    In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal.

2. The distinction between extrinsic and intrinsic fraud relevant to this proceeding was explicated in Chisholm v. House, 10 Cir., 160 F.2d 632, 643, wherein trust and related instruments were canceled for fraud in procuring a state court judgment approving them:

    Equitable relief from a judgment may be obtained on the ground of extrinsic

tained equitable actions supported by allegations of extrinsic fraud on the theory that federal equity jurisdiction is exercisable over matters not operating against the final decree rendered by a court of special competence, but against the parties. This court so ruled in United States v. Mashunkashey, 72 F.2d 847, 851, cert. denied, 294 U.S. 724, 55 S.Ct. 551, 79 L.Ed. 1255, wherein the court affirmed an order voiding a property distribution in the wife's favor pursuant to a state court divorce decree, which, in turn, was based on a certificate of competency of the Indian husband procured by fraud:

> [N]umerous cases place beyond question the authority of a United States court to deprive a party of the benefits of a judgment or decree obtained in a state court through fraud of the kind asserted here if the elements of federal and equity jurisdiction are present. In such a case, the court does not act as one of review; neither does it consider irregularities occurring in the proceedings of the state court. *It scrutinizes the conduct of the party obtaining the judgment and if it is found that he was guilty of fraud in securing it, he is deprived of its benefits. The action operates upon the party, not the judgment or decree of the state court. Such a case presents a new and different cause of action from that determined by the state court* \* \* \*. (emphasis added).

*Accord,* Bradburn v. McIntosh, 10 Cir., 159 F.2d 925, 933 and n. 19 (previous state court competency proceeding); *cf.*

Hanson v. Hoffman, 10 Cir., 113 F.2d 780, 791 and n. 9. Conversely, we have ruled that allegations of intrinsic fraud going to the validity of the instrument probated are barred by the final probate decree. *E.g.,* Droppleman v. Horsley, 10 Cir., 372 F.2d 249 (conspiracy to introduce into probate proceeding false testimony as to plaintiff's paternity); Folk v. Monsell, 10 Cir., 71 F.2d 816, 818–819 (questioned validity of assignment approved by probate court).

Although Muncrief's allegation that his legitimization can be substantiated clearly comes within the *Droppleman* interdiction on claims of intrinsic fraud, the theory of constructive fraud inhering in his exclusion from the agreement among Morris and decedent's half-kin and the prejudicial effect of that agreement on the probate does not operate against the probate court's decree of distribution. The Oklahoma court has held that the subject agreement of the family members was lawful and enforceable and did not constitute a fraud on the court itself. Muncrief's claim must therefore be limited by an asserted right, admittedly denied to him by the family, to participate in the agreement, assuming his legitimacy, as a member of the family. We express no opinion as to whether such asserted right is recognizable under Oklahoma law. We do hold that the trial court had jurisdiction of the subject matter and thus erred in dismissing for want of jurisdiction. *See also* Salvation Army v. Morris, 10 Cir., 421 F.2d 805.

The case is remanded for further proceedings.

or collateral fraud. Fraud is regarded as extrinsic or collateral where it prevents a party from having a trial or from presenting his cause of action or his defense, or induces him to withdraw a defense, or operates upon matters pertaining not to the judgment itself, but to the manner in which it was pro-

cured. Where, however, the judgment was founded on a fraudulent instrument or perjured evidence, or the fraudulent acts pertained to an issue involved in the original action and litigated therein, the fraud is regarded as intrinsic. (footnotes omitted).