The **SALVATION ARMY**, a Georgia corporation, Plaintiff-Appellant, Cross Appellee,

v.

Thomas J. **MORRIS**, Defendant-Appellee,
and

Kathryne Morris Leverett, Gertrude Morris Hudspeth, Daisy Morris Moore Duvall, and Ruth Morris Zelief Dunkin, Defendants-Appellees, Cross Appellants,
and

Phillips Petroleum Co., Mobil Oil Corporation, the British-American Oil Producing Company, P. G. Lake, Inc., Sinclair Oil and Gas Company, Cities Service Oil Company, and Mid-American Oil Company, Defendants-Nominal Appellees.

Nos. 236–68, 237–68.

United States Court of Appeals, Tenth Circuit.

Feb. 9, 1970.

A. Paul Murrah, Jr., of Andrews, Mosburg, Davis, Elam, Legg & Kornfield, A. P. C., Oklahoma City, Okl., for plaintiff-appellant, cross appellee.

William G. Paul, Oklahoma City, Okl. (C. Harold Thweatt and Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., were with him on the brief) for defendants-appellees, cross appellants.

Before LEWIS, Circuit Judge, FAHY,* Senior Circuit Judge, and SETH, Circuit Judge.

LEWIS, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Oklahoma dismissing the appellant's suit for lack of jurisdiction over the subject matter.

By its complaint, the appellant seeks to impose in its favor a constructive trust upon the estate of J. W. Morris, probated in 1959 and presently held, pending the outcome of this litigation, by Thomas J. Morris, the residuary legatee and executor under the will and one of the defendant-appellees in this action. Prior to the commencement of the 1959 probate proceeding in the County Court of Murray County, Oklahoma, the appellee Morris entered into an oral agreement with the other legatees, half-brothers and -sisters of the deceased and co-appellees in this action, by which all were to receive equal shares in the estate, thereby avoiding the terms of the will which bequeathed to each named legatee the sum of $1.00 and the remainder to the residuary legatee. Subsequent to the entry of the final probate decree, which distributed the property according to the terms of the will, but before the initiation of this action, the validity of the family settlement agreement was upheld in an action brought in the state courts by the named legatees against the residuary legatee. The decision was affirmed on appeal, the Supreme Court of Oklahoma holding that the forbearance of the nominal legatees in not revealing to the probate court the possibility of the existence of another will was sufficient consideration to enforce the settlement agreement but was insufficient to constitute a fraud on the probate court. *See* Morris v. Leverett, Okl., 434 P.2d 912.

It is appellant's contention that the agreement vesting all of the legatees with equal shares violated the terms of the codicil to the will which stated that should any of the named legatees engage in any "borrowing or lending" of their shares among themselves or "attempt to contest the terms of [this] will or * * * codicil" then they were to take nothing and their shares bequeathed to the Salvation Army.[1] The appellant, a

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. The codicil states in full:
    And if for any reason the said Mrs. Rice Morris shall attempt to take possession of any peace [sic] or part of my property then and in that event the heir or heirs, legatee or persons who are named in my will and who shall permit such to occur for a period of twenty-four (24) hours or more, shall by reason of their tolerance of these conditions forfeit their right and the bequeaths to them made in my last will and testament and their share or shares shall become immediately canceled and their share or shares to which they would be otherwise entitled is hereby bequeathed to the Salvation Army. It being my intention not to cancel or change my bequeaths to any of my heirs unless Mrs. Rice Morris and the statements which I have heretofore made pertaining to her have been tolerated or allowed by any of my heirs and legatees as above referred to. Further with the

named legatee, was given no personal notice of the probate proceeding and consequently has had no prior opportunity to obtain an adjudication of its claim arising under the will. The fraud alleged in the complaint was not—as the decision of the Oklahoma Supreme Court indicates—a fraud upon the court and accordingly, if fraud at all, was extrinsic to the probate proceeding. Therefore, the appellant argues, subject matter jurisdiction lies to bring an independent action in equity to entertain the imposition of a constructive trust upon the estate. We agree.

> Equitable relief from a judgment may be obtained on the ground of extrinsic or collateral fraud. Fraud is regarded as extrinsic or collateral where it prevents a party from having a trial or from presenting his cause of action or his defense, or induces him to withdraw a defense, or operates upon matters pertaining not to the judgment itself, but to the manner in which it was procured. Chisholm v. House, 10 Cir., 160 F.2d 632 at 643 (footnotes omitted).

■ The appellant has alleged that because of the forfeiture provision in the codicil a concerted, fraudulent effort was made to avoid informing Salvation Army of the probate proceedings and that, for the same reason, the parol agreement was not revealed to the probate court. The record on appeal and the facts established in Morris v. Leverett, *supra,* provide more than threshold support for this characterization of the conduct of the appellees. Moreover, the Oklahoma courts [2] have consistently characterized substantially similar conduct as extrinsic fraud, thereby according jurisdiction to provide relief from final judgments when equitably indicated. The inadvertent failure of the administratrix to divulge to the probate court the possibility of a missing heir was held, in Phillips v. Ball, Okl., 358 P.2d 193, to warrant the imposition of a constructive trust in favor of that missing heir in an independent action brought ten years after the final probate decree. *See also* Cook v. Morrison, 202 Okl. 693, 217 P.2d 810. In the instant case the failure to serve notice upon Salvation Army, whether inadvertent or not, would seem to contravene the Oklahoma statutory requirement which states that "written * * * copies of the notice of the time appointed for the probate of the will, must be * * * [mailed] to the heirs, legatees and devisees of the testator * * *." Okl. Stat.Ann. tit. 58, § 26 (1965). Whatever else may be concluded from this failure to serve notice, when coupled with the suppression of the oral agreement, it demands application of the rule providing equity jurisdiction to entertain the kind of cause asserted here.[3]

same conditions and restrictions attached thereto I hereby declare that there shall be no borrowing or lending between any of my half brothers or half sisters, named as legatees in my last will and testament. And any or all of them who attempts to contest the terms of my last will or of this Codicil, then and in that event the said heirs or legatees who shall attempt to do so shall receive and take nothing by reason of my last will and testament and this Codicil and in that event their shares are hereby bequeathed to the Salvation Army.

2. Since personal jurisdiction in this action rests on diversity of citizenship, the subject matter jurisdiction of the federal courts is concurrent with that of the Oklahoma courts and we are bound therefore to apply Oklahoma law in determining the sufficiency of appellant's jurisdictional allegations.

3. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, where the Supreme Court stated, at 248, 64 S.Ct. at p. 1002:

> Equitable relief against fraudulent judgments is not of statutory creation. It is a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another court-made rule, the general rule that judgments should not be disturbed after the term of their entry has expired. Created to avert the

■■ The argument of the appellees, accepted by the court below, is that to entertain the relief sought by Salvation Army would, of necessity, operate to modify, vacate or set aside the fully executed judgment of a state court. Were it necessary to characterize the fraud alleged by appellant as intrinsic, this argument would prevail. *See* Droppleman v. Horsley, 10 Cir., 372 F.2d 249. However, as we have indicated, the fraud involved herein, when measured by the applicable criteria, must necessarily be characterized as extrinsic and therefore subject to collateral review. In Morris v. Leverett, *supra*, the appellees named as nominal heirs rendered the probate decree nugatory insofar as it serves to determine any of the legal rights and interests involved in this litigation. As a consequence, it is no disservice to the principle of res judicata to allow the appellant to now assert its right to the same equitable remedy accorded the parties to the oral agreement.

■ The order of the court below was based alternatively upon the absence, in its view, of the requisite jurisdictional amount. This conclusion was grounded on the theory that the forfeiture provision of the codicil was applicable, if at all, only to the bequests of $1.00 made to the nominal heirs. The court states that any other reading of the codicil would be "illogical." We are, however, compelled to disagree. The codicil states that the forfeiture provision applies to "any of my half brothers and sisters, named as legatees in my last will and testament." All of the appellees, including the residuary legatee, were members of this class and the provision must fairly be considered applicable to the residuary estate, as the plain language of the codicil indicates. To interpret the codicil otherwise would nec-

essarily assume that the testator by executing the forfeiture provision was concerned only with the disposition of the amount of the specific bequests, some three or four dollars, when the estate involved the disposition of several hundred thousand dollars. Such a strained construction of the will cannot be said to negative the presence of the necessary jurisdictional amount. "The rule governing dismissal for want of jurisdiction * * * is that * * * the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 at 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (footnotes omitted).

The heart of appellant's claim is that the actions and agreement of the family heirs, although valid and enforceable among themselves, constituted in law and equity an unconscionable and fraudulent method of borrowing and lending among themselves with a resultant unlawful enrichment by doing indirectly that which was prohibited by direct action in the probate proceedings and wrongfully frustrated the wishes of the testator as expressed and reflected in the codicil. Claim is made that under Oklahoma law and proper proof of the intent and actions of the family, the Salvation Army is entitled to have a constructive trust imposed on the fruits of the agreement. We agree that the issue presented is one proper for consideration on the merits. *See also* Muncrief v. Mobil Oil Co., 421 F.2d 801.

The judgment is reversed, the trial court directed to reinstate the complaint, and the case remanded for further proceedings on the merits.

evils of archaic rigidity, this equitable procedure has always been characterized by flexibility which enables it to meet new situations which demand equitable

intervention, and to accord all the relief necessary to correct the particular injustices involved in these situations.